FILED
2005 Feb-15 PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DEBBIE DEAVERS STURVISANT ) <br> on behalf of herself and others ) <br> Similarly Situated ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> DILLARD'S, Inc. ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. <br> CV-05-TMP-0305-W <br> <br> CLASS ACTION <br> JURY DEMAND |

### AMENDED COMPLAINT

Plaintiff hereby amends her complaint to bring this action both individually and on behalf of the class of persons defined against Dillard's, Inc., and pursuant to her investigation, upon individual knowledge as to her own experiences and otherwise upon information and belief, for the Complaint alleges as follows:

I. JURSIDICTIONAL ALLEGATIONS

1. Plaintiff Debbie Deavers Sturvisant is a resident of Springville, Alabama.

2. Defendant Dillard's, Inc. ("Dillard's") is a Delaware Corporation with its principal place of business in Little Rock, Arkansas.

3. Dillard's owns and operates retail department stores throughout the United States.

4. A substantial number of the events or omissions which gave rise to Plaintiffs' claims took place in Tuscaloosa County, Alabama.

5.      Federal jurisdiction exists with respect to the Federal claim pursuant to 28 U.S.C. §§ 1331, 1343(a)(1)-(4), 2201, 2202 and 42 U.S.C §§ 1981 and 1982.

6.      The Court has supplemental jurisdiction of all remaining claims pursuant to 28 U.S.C. § 1367.

## II.   NATURE OF THE CASE

7. This Class Action seeks redress for a nationwide fraudulent scheme and common course of conduct involving racial discrimination, deceptive sales practices, and unconscionable conduct by Dillard's relating to the marketing and sale of salon services. As used in this Complaint, these salon services specifically include, but are in no way limited to, the service referred to as "wash and set."

8.      This civil action is brought by Plaintiff as a class action on behalf of all African-American persons who have purchased salon services from one of the Dillard's salons in the United States and who were thereby harmed by the nationwide unconscionable scheme and common course of conduct described herein (the "Class" or "Class Members").

9.      Plaintiff seeks injunctive and equitable relief, compensatory damages, punitive damages and other remedies for Dillard's unlawful, unconscionable and racially discriminatory conduct described herein in connection with the sale of its salon services and the training of its employees and agents in the sale of its salon services.

10.     Dillard's has maintained a fraudulent, unlawful and unconscionable scheme in order to increase it own revenues and profitability to the detriment of Class Members, by utilizing racially discriminatory dual pricing schedules for salon services.

11. On information and belief, Dillard's salons throughout the United States, charge and have charged significantly more for the same salon service, using the same products, for African-American customers than that charged for Caucasian customers. For example, the prices charged by Dillard's for salon service of a "wash and set" are based solely on whether the customer is Caucasian or "ethnic".

12. At all times in advertising and selling these salon services, Dillard's and its agents have known that they charge a higher price to African-Americans for the same service as that charged to Caucasians for the same service and did not disclose this fact to African-Americans prior to providing the service and products.

13. The discriminatory sales practices described herein have resulted in an increase in revenue and profits for Dillard's salons.

### III.   FACTUAL ALLEGATIONS

14. Debbie Sturvisant is an African-American woman and a resident of Springville, Alabama.

15. Debbie Sturvisant went to the Dillard's Salon located in Tuscaloosa, Alabama to have her hair washed, rolled and dried.

16. Debbie Sturvisant was charged and paid $35.00 for a "wash and set." This was the price charged for "ethnic" hair.

17. The price charged for the same service for customers with Caucasian hair was only $20.00.

18. Dillard's has a nationwide policy to charge African-Americans higher prices for the same salon services than those charged to Caucasian customers, based solely on whether the customer was African-American or Caucasian.

19. Debbie Sturvisant is a member of the Class. On information and belief, Dillard's discriminated against Debbie Sturvisant with respect to the prices charged for the wash and set service.

20. Defendant Dillard's concealed its actions and its discriminatory and illegal practice from the Plaintiff and from the Class. As a result of said concealment, neither the Plaintiff nor the Class could have or did discover this discriminatory and illegal behavior until shortly before the filing of this lawsuit.

21. Dillard's consistent course of discriminatory conduct constitutes a continuing violation of Plaintiffs' federal statutory rights.

22. These allegations are one of several different allegations of discrimination brought against Dillard's suggesting a corporate culture of discrimination. In *Hampton and Cooper v. Dillard's*, African-American plaintiffs alleged that they were denied free cologne samples because of their race. Evidence presented at trial included testimony that Dillard's "tracked" African-Americans after they entered the store, used race "codes" that highlighted African-American shoppers as suspicious and generated store incident reports differentiating shoppers primarily by race. The Texas Chapter of the National Association for the Advancement of Colored People passed a resolution criticizing Dillard's for racial profiling. In 2001, Dillard's agreed to settle discrimination complaints by Kansas and Missouri employees. In a Texas lawsuit, Dillard's agreed to pay an undisclosed amount to the family of an African-American customer who died after being beaten and hogtied at a store while being arrested. Finally, in *Dotson, Barbee, and Jackson, individually and on behalf of all others similarly situated vs. Dillard's, Inc.*, 3:04-0252 (U.S. District Court, Middle District of Tennessee, 2004), current and former

African-American hair stylists at Dillard's Salon and Day Spa have filed suit regarding Dillard's alleged continuing systemic racial discrimination in post-employment hiring practices through discriminatory terms and condition of employment and existence and perpetuation of a racially hostile work environment.

### IV.   CLASS ACTION ALLEGATIONS

23.   This case is brought as a class action under Rule 23(a), (b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure. Plaintiff seeks certification of this civil action as a class action on behalf of all African-American persons who have purchased salon services from one of the Dillard's salons in the United States and who were thereby harmed by the conduct alleged herein ("the Class"). This case is properly brought as a class action under Rule 23, for the reasons set forth in the following paragraphs.

24.   The named Plaintiff is a member of the Class of victims described herein. They were subject to the discriminatory scheme and common course of conduct by Dillard's.

25.   Membership in the Class is so numerous that separate joinder of each member is impracticable. The number of Class Members is unknown but Plaintiff alleges, based on information and belief, that there are thousands of persons in the Class.

26.   There are numerous and substantial questions of law and fact common to the Class. Included within the common questions are:

   a)   Whether Dillard's discriminated against Class Members by charging them a higher price for salon services than similarly situated Caucasian customers;

b) Whether Dillard's discriminated by offering only higher priced salon services to Class Members;

c) Whether Dillard's engaged in a common course of business which discriminated against Class Members on the basis of their race;

d) Whether Plaintiff and Class Members are entitled to specific performance, injunctive relief or other equitable relief against Dillard's;

e) Whether Plaintiff and Class Members have sustained damages and the proper measure of damages;

f) Whether Plaintiff and Class Members are entitled to an award of punitive damages against Dillard's; and

27. The claims of the Plaintiff are typical of the claims of the Class.

28. Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in prosecution of class actions and complex litigation. Plaintiff has no interest adverse to the interests of other Class Members.

29. This action qualifies for certification under Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Plaintiffs would create a risk of inconsistent or varying adjudications with respect to individual members of the Plaintiff Class which would as a practical matter be dispositive of the interests of other members of the Plaintiff Class who were not parties to such individual adjudications or would substantially impair or impede such other individuals ability to protect their interests.

30. Final class injunctive or declaratory relief under Fed. R. Civ. P. 23(b)(2) is appropriate in this case because Dillard's has acted or refused to act on grounds generally applicable to the Plaintiff Class, as stated above. Final injunctive relief or corresponding declaratory relief barring any further collection of discriminatory charges for salon services is appropriate with respect to the Plaintiff Class as a whole.

31. This action qualifies for certification under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the members of the Plaintiff Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Class Members will continue to suffer damage and Dillard's violations of the law will proceed without remedy while Dillard's continues to retain the proceeds of its ill-gotten gains.

33. Most individual Class Members have little ability to prosecute an individual action, due to the comparatively small, although significant, actual damages per incident suffered by the Class Members and the significant costs associated with litigation on this scale.

34. This action will result in an orderly and expeditious administration of Class claims. Economies of time, effort and expense will be fostered and uniformity of decisions will be insured.

35. This action presents no difficulty that would impede its management by the Court as a class action and a class action is superior to other available methods for the fair and efficient adjudication of their claims.

36. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the Class, to require Dillard's to stop utilizing a dual pricing system which illegally discriminates against and damages all Class Members.

## COUNT 1

### (Racial Discrimination – 42 USC § 1981)

37. Plaintiff repeats, realleges, and incorporates herein by reference paragraphs 7 through 36 above as if fully set forth herein.

38. Dillard's intentionally discriminated against Plaintiff and Class Members by charging them higher prices for the same salon services as those charged to similarly situated Caucasian customers and by specifically instructing their employees and agents to charge different prices for the same salon services based solely on whether the customer was African-American or Caucasian.

39. By charging higher prices to African-Americans for the same salon services offered to Caucasian customers, Dillard's violated the rights of Plaintiff and Class Members to make and enforce contracts for products and services on the same terms as Caucasian customers.

40. Dillard's actions violate 42 U.S.C. § 1981, as well as the rights of Plaintiff and the Class Members under the Fifth, Thirteenth, and Fourteenth Amendments of the Constitution of the United States.

41. Dillard's has damaged Plaintiff and Class Members because Plaintiff and Class Members have suffered economic loss and mental anguish as a result of Dillard's illegal racial discrimination.

## COUNT II

### (Failure to Monitor Actions of Agents and Employees)

42. Plaintiff repeats, realleges and incorporates herein by reference, paragraphs 7 through 41 above as if fully set forth herein.

43. At the time the acts complained of were performed, Dillard's agents and employees were not competent, qualified or capable of protecting the interests of Dillard's customers in regard to the illegal and discriminatory dual pricing system for similar salon services and products.

44. Dillard's knew or should have known that its agents and/or employees were effectuating a racially discriminatory dual pricing system in its individual stores.

45. Dillard's had a duty to monitor and/or supervise the activities of its agents and/or employees.

46. Dillard's intentionally, knowingly, recklessly and/or negligently failed to monitor the actions of its agents and employees and to train its agents and employees to refrain from racial discrimination in providing and pricing services.

47. Dillard's knew or should have known about the agent and employees racially discriminatory dual pricing policy but nonetheless employed and continued to employ them.

48. Dillard's authorized the wrongful acts of its agents and employees in accepting moneys charged for the services and products provided.

49. The racially discriminatory practices complained of benefited Dillard's in that the same were calculated to and did benefit Dillard's through profits made through the sale of its products and services.

50. As a proximate result of Dillard's acts, Plaintiff and Class Members suffered economic loss.

## COUNT III

### (Fraudulent Inducement)

51. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 7 through 50 as if fully set forth herein.

52. Defendant made affirmative misrepresentations to Plaintiff and concealed material facts from Plaintiff regarding its racially discriminatory dual pricing structure for services and products.

53. At the time the misrepresentations were made, Dillard's knew that the representations were false, or made or caused to be made such misrepresentations without knowledge of the truth or falsity of such representations.

54. Dillard's made the representations in order to induce Plaintiff to rely on the misrepresentations and omissions. Plaintiff reasonably and justifiably relied on the misrepresentations and omissions.

55. As a direct and proximate result of the Plaintiff's reasonable and justifiable reliance on the affirmative misrepresentations and omitted material facts, Plaintiff has suffered mental anguish and monetary and damages.

## COUNT IV

### (Misrepresentation)

56. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 7 through 55 above as if fully set forth herein.

57. Dillard's made affirmative misrepresentations to Plaintiff as well as concealed material facts from Plaintiff regarding the reasons for the dual pricing of products and services.

58. At the time the misrepresentations were made, Dillard's should have known that the representations were false, or made or caused to be made such representations without knowledge of the truth or falsity of such representations.

59. Dillard's made the misrepresentations in order to induce Plaintiff to rely on the misrepresentations. Plaintiff reasonably and justifiably relied on the misrepresentations and omissions.

60. As a direct and proximate result of Plaintiff's reasonable and justifiable reliance on the affirmative misrepresentations and omitted material facts, Plaintiff has suffered mental anguish and monetary and other damages.

## COUNT V

### (Unjust Enrichment)

61. Plaintiff repeats, realleges and incorporates by reference paragraphs 7 through 60 as if fully set forth herein.

62. Defendant has been unjustly enriched as a result of its discriminatory and illegal activity.

63. Plaintiff and Class Members have suffered economic loss and mental anguish as a result of Dillard's unjust enrichment.

## COUNT VI

### (Fraudulent Concealment)

64. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 7 through 63 above as if fully set forth herein.

65. Defendant intentionally concealed and suppressed its discriminatory and illegal behavior from the Plaintiff and the Class.

66. Plaintiff and the Class members relied on said suppression and concealment to their detriment.

67. As a direct and proximate consequence of said suppression and concealment, Plaintiff and the Class have been injured.

## COUNT VII

### (Declaratory, Injunctive, and Equitable Relief)

68. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 7 through 67 as if fully set forth herein.

69. Plaintiff seeks a declaration that any dual price structure based solely on race for salon services is unconscionable and illegal.

70. Plaintiff, for herself and on behalf of the Class, seeks injunctive relief enjoining Dillard's from charging different prices for African-Americans for the same salon services offered to similarly situated Caucasian customers.

71. Plaintiff and Class Members have no adequate remedy at law.

72. Plaintiff, for herself and on behalf of the Class, seeks disgorgement of profits made by Defendant as a result of this discriminatory and illegal activity.

73. Plaintiff, for herself and on behalf of the Class, seeks restitution of the illgotten gains received by the Defendant from its discriminatory and illegal actions.

74. Plaintiff, for herself and on behalf of the Class, seeks the establishment of a constructive trust and an order for the Defendant to disgorge its profits and ill-gotten gains into the constructive trust for the benefit of the Class.

75. By reason of the foregoing, Plaintiff and Class Members are entitled to the declaratory and injunctive relief set forth above.

WHEREFORE, Plaintiff demands judgment against Dillard's for herself and Class Members as follows:

 a) An order determining that the action is a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

 b) Awarding the Plaintiff and the Class compensatory and punitive damages in an amount to be proven at trial for the wrongful acts complained of;

 c) Awarding Plaintiff and the Class their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

 d) Granting extraordinary equitable and/or injunctive relief as permitted by law or equity;

 e) Granting the declaratory, injunctive and equitable relief contained in paragraphs 69 through 75;

  f)  Granting of such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

_____
Patrick C. Cooper

_____
W. Percy Badham III

_____
Robert W. Tapscott, Jr.

Attorneys for the Plaintiff

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Phone: (205) 254-1000
Fax:   (205) 254-1999

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been served upon the following:

Dillard's, Inc.
1600 Cantrell Road
Little Rock, AR 72201

by placing copy of same in the United States Mail, properly addressed, postage prepaid this the 15th day of February, 2005.

_____
Of Counsel

01141147.1                                    15