IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

DEBBIE DEAVERS STURDIVANT,        )
*et al.*,                          )
                                   )
            Plaintiffs;            )
                                   )
v.                                 )        Case No. 7:05-CV-305-TMP
                                   )
DILLARD'S, INC., *et al.*,         )
                                   )
            Defendants.            )

**MEMORANDUM OPINION**

Defendants seek summary judgment on all claims brought by plaintiff Vaughan Thomas on a single ground: that she is subject to the two-dismissal rule set forth at Federal Rule of Civil Procedure 41(a)(1). The matter has been fully briefed and the court has heard oral argument. The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Having carefully considered the pleadings and all of the argument and evidence provided by the parties, the court finds that the motion is due to be denied.

**I.  SUMMARY JUDGMENT STANDARD**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment

"always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify

which facts are material and which are irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party."  Id. at 248.  "[T]he judge's function is not himself to weigh the evidence

and determine the truth of the matter but to determine whether there is a genuine issue for trial."

Id. at 249.  His guide is the same standard necessary to direct a verdict:  "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law."  Id. at 251-52; see also Bill Johnson's Restaurants, Inc.

v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983).  However, the nonmoving party "must do more than

show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co.,

Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted.  Anderson, 477 U.S. at 249 (citations

omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989).  Furthermore, the court must

"view the evidence presented through the prism of the substantive evidentiary burden," so there must

be sufficient evidence on which the jury could reasonably find for the plaintiff.  Anderson, 477 U.S.

at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988).  Nevertheless,

credibility determinations, the weighing of evidence, and the drawing of inferences from the facts

are the function of the jury, and therefore the evidence of the non-movant is to be believed and all

justifiable inferences are to be drawn in his favor.  Anderson, 477 U.S. at 255.  The non-movant need

not be given the benefit of every inference but only of every reasonable inference.  Brown v. City

of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II.  FACTS

Viewed in the light most favorable to the non-moving plaintiff, the following facts are relevant to the instant motion:

### A.  The Two Previous Lawsuits

Plaintiff Vaughan Thomas filed a class action complaint against Dillard's on February 11, 2005, in the United States District Court for the Middle District of Alabama, asserting that Dillard's has a "nationwide fraudulent scheme" involving race discrimination in that the hair salons in Dillard's stores employ a dual-pricing policy which charges African-American customers more for a "wash and set" than it charges Caucasian customers.  In the complaint filed in the Middle District, Thomas alleges she went to a Dillard's salon in Montgomery to have her mother's hair washed, rolled, and dried, and that she was charged $30, the price for "ethnic" hair, while Caucasians were charged only $20 for the same service.  On February 15, 2005, four days after filing the complaint in the Middle District, Thomas filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).

Thomas filed a second complaint against Dillard's and salon employee Linda Gail Bennett on April 11, 2005, in the Circuit Court of Montgomery County, Alabama.  She alleged a "fraudulent scheme" that involved unfair marketing and sale of salon services, including a "wash and set."  In the state-court complaint, Thomas alleges that she went to a Dillard's salon in Montgomery to have a "wash and set" on her own hair and was charged $30, while Caucasians were charged "substantially less."  On April 20, 2005, Thomas filed a notice of voluntary dismissal in the state-court case pursuant to Alabama Rule of Civil Procedure 41(a)(1).

4

**2.  The Present Lawsuit**

The complaint commencing this action in the Northern District of Alabama was filed on February 8, 2005, but Thomas was not one of the original named plaintiffs.  A second amended complaint was filed August 18, 2005, which added Thomas as a named plaintiff and proposed class representative.[1]  The complaint recites that at some unspecified time, Thomas went to a Dillard's salon in Montgomery to have a "wash and set" and that she paid between $35 and $40, which was the price charged for "ethnic" hair, and which was more than the price charged for Caucasian customers.

The defendants seek summary judgment in their favor on the basis of the "two-dismissal rule" of Federal Rule of Civil Procedure 41(a)(1), asserting that the notice of dismissal filed by Thomas in the second case served as an adjudication on the merits, and that she is, therefore, precluded from bringing the instant action.  The motion for summary judgment is based primarily on precedent from the Fifth Circuit, which determined in American Cyanimid Co. v. McGhee that the Rule 41 voluntary dismissal "may be used once, and only once, if clear consequences are to be avoided" because the "second notice of dismissal not only closes the file, it also closes the case with prejudice to the bringing of another."  McGhee, 317 F.2d 295, 297 (5th Cir. 1963).

In opposition to the motion for summary judgment, Thomas asserts that the claim made the basis of the instant case is a "completely different incident" and a "separate injury" from the claim

---

[1]        The motion for class certification was denied, and the case proceeds as an action brought by the named plaintiffs.  Also pending is a motion to dismiss defendants J. Bacon & Sons, The McAlpin Company, and Mercantile Stores Company, Inc., on the basis that the court lacks personal jurisdiction over those defendants.

arising from the salon visit for her mother's hair, which was the basis for the complaint brought in the Middle District.  Plaintiffs Thomas asserts that the two salon visits were about "a year apart."  She claims that the rule does not apply where the dismissed actions were not "based on or including the same claim."  Plaintiffs further assert that a state-court dismissal does not constitute a second dismissal under the rule.  Finally, they argue that the purpose of the rule, preventing abuse and harassment, is not furthered here because Thomas's participation in the instant action does not harass Dillard's.

In its brief in reply, Dillard's argues that all three lawsuits allege the same unfair treatment, deceptive sales tactics, and fraud based on Dillard's alleged policy of charging more for "ethnic hair."  The basis of all three complaints is that she was charged and paid a higher price for a salon service than white customers were charged, and defendant asserts that the fact that the person receiving the treatment was in one instance her mother and on another occasion herself does not affect the application of the two-dismissal rule.  Defendant further asserts that the two-dismissal rule bars the "real party in interest" from pursuing a third action, and Thomas is the real party in interest in all three cases because she alleges that she "was charged and paid" higher prices based on race.  Dillard's argues that the claims need not be "identical" to trigger the two-dismissal rule.  Thomas argues that to decide that the two incidents do not give rise to separate claims gives Dillard's *carte blanche* to discriminate against Thomas "on unrelated future visits."

## III.  DISCUSSION

Federal Rule of Civil Procedure 41(a) provides:

> **(a) Voluntary Dismissal: Effect Thereof.**
> **(1) By Plaintiff; by Stipulation.**  Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.  *Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.*

Rule 41(a)(emphasis added).

Thomas argues that a state-court dismissal cannot serve as a basis for the two-dismissal rule.  The only authority she provides, however, is a 1940 case from the Seventh Circuit Court of Appeals.  In Rader v. Baltimore & O.R. Co., the appeals court held that the two-dismissal rule did not apply for two reasons: (1) the first dismissal occurred before the Federal Rules of Civil Procedure were enacted and the second came on the same day the Rules were enacted, and (2) even if the Rule captured the prior dismissals, the federal rules cannot apply "to the practice or procedure in State Courts."  108 F.2d 980, 986 (7th Cir. 1940).

The court does not find this argument compelling in light of the plain wording of the rule as well as the fact that the Alabama Rules of Civil Procedure provide for the same treatment of subsequent actions "based on or including the same claim."  Ala. R. Civ. P. 41(a)(1).  See also Ex parte Sealy, 904 So. 2d 1230, 1235 (Ala. 2004).  First, the rule itself

7

anticipates dismissals of actions in state courts.  The rule clearly provides that the two-dismissal rule takes into account dismissals  "*in any court of the United States or of any state....*"  Second, as mentioned, the Alabama rule tracts identically to the federal rule, so there is no reason to believe that Alabama would treat the second dismissal any differently than would a federal court, if the dismissal had occurred there.

Having examined all of the arguments posed by the parties, the court finds that the defendant's motion turns on the question of whether Thomas has twice dismissed actions "based on or including the *same claim*."  It has been noted that there is "surprisingly little discussion" in the case law of what may constitute the "same claim" for purposes of the two-dismissal rule.  9 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2368 (2d ed. 1994).  Because of the harsh effect of the two-dismissal rule, "the courts should not extend the words 'same claim' beyond their natural meaning."  Id.

The instant motion, therefore, turns on whether Thomas' allegation in the first lawsuit, that Dillard's charged her a discriminatory price for styling her mother's hair, and her allegation in the second lawsuit that Dillard's charged her a discriminatory price for styling her own hair on a different date and occasion, are the "same claim."  Defendant asserts that the definition should be drawn from the state's principles of *res judicata*. Although defendant does not cite any authority for super-imposing that state-law definition onto Federal Rule 41,[2] it could be argued that state law applies because Rule 41 makes the

---

[2]     The authorities cited by defendant, Wesch v. Figures, 6 F.3d 1465, 1471 (11th Cir. 1993), and Century 21 v. Alabama Real Estate Comm., 401 So. 2d 764 (Ala. 1981), describe the elements of *res judicata* in Alabama, but do not provide any basis for transferring those notions to

second dismissal — the dismissal in state court in this case — an adjudication on the merits, which then calls into play the state law's principles of *res judicata*. Even so, the instant case involves claims that arise from two separate and distinct factual occurrences, both involving the defendant's allegedly discriminatory pricing policy.

A parallel easily can be drawn to allegations that involve alleged illegal race-based employment practices. It is well settled under Title VII that an employee who is discriminated against under an illegal race-based hiring policy has discrete claims against that employer based on each instance of discrimination. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). The concept of discrete employment actions has been applied in the context of Federal Rule 41. The Tenth Circuit Court of Appeals examined the issue of whether prior dismissals involved the "same claim" as the claim defendants sought to dismiss. In Brown v. Hartshorne Public School District #1, 926 F. 2d 959 (10th Cir. 1991), the appellate court questioned whether a Title VII suit was barred where two earlier dismissed actions involved discrimination that occurred in 1979, and the action at bar alleged discrimination over a ten-year period (including the 1979 allegations) and retaliation that occurred after the two dismissals. The court ultimately determined that the first two dismissals were not "based on or including the same claim" and, therefore, were "irrelevant for purposes of the two-dismissal rule." 926 F.3d at 961. As plaintiffs' counsel notes, a failure to recognize that the claims are not the same claim would

---

the application of Federal Rule of Civil Procedure 41(a)(1). That reading is not wholly unreasonable, however, given that the rule treats the second dismissal as an "adjudication on the merits."

give the discriminating entity "carte blanche" to discriminate against the plaintiff in the future.  The defendants' argument that each separate instance of discriminatory pricing is but one event within a single, unitary claim would lead to the anomalous result that even those future instances of price discrimination that have not yet occurred would be barred because they are simply part of the claim dismissed by plaintiff in the past.  A more reasonable reading of Rule 41(a) is to treat each instance of discrimination as a new and separate claim.

The court is not inclined to define "same claim" more broadly than its common meaning, and finds that the two visits to the Dillard's salon made the basis of the two lawsuits are two separate claims.  A strict application of the two-dismissal rule comports with the general principle that any statute in derogation of previously existing rights should be strictly construed.  See, <u>e.g.</u>, <u>Poloron Products, Inc. v. Lybrand Ross Bros.</u>, 534 F.2d 1012 (2d Cir. 1976).   Because Thomas has not twice dismissed the "same claim" as is raised in the instant action, the two-dismissal rule does not apply.

This conclusion further is supported by consideration of the purpose of the Rule 41(a)(1) two-dismissal rule. "[T]he primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." <u>Poloron Products, Inc.</u>, 534 F.2d at 1017 (citations omitted); see also <u>American Cyanamid Co. v. McGhee</u>, 317 F.2d 295, 297 (5th Cir. 1963) ("The reason for this arbitrary limitation [set out in the two-dismissal rule] ... is to prevent unreasonable abuse and harassment."). <u>ASX Investment Corp. v. Newton</u>, 183 F.3d 1265 (11th Cir. 1999). <u>See also</u> <u>Moore's Federal Practice</u>, Vol. 5, § 41.04, p. 1014.  There is no

allegation here that Thomas's purpose was to abuse or harass Dillard's, and, in fact, it is clear that Dillard's is in the position of defending virtually identical allegations raised by the other plaintiffs in this suit.   The court does not find, therefore, that imposing the "arbitrary limitation" of the two-dismissal rule serves the purpose of sanctioning any abusive or harassing conduct on the part of Thomas.

### IV.  CONCLUSION

Accordingly, consistent with the foregoing discussion of the evidence presented by both parties in support of and in opposition to the motion for summary judgment, this court determines that the defendant's motion for summary judgment against plaintiff Vaughan Thomas (court document 18), and the defendant's supplemental motion for summary judgment (court document 96) are due to be denied.  A separate order will be entered denying the motions.

Dated the 22nd  day of January, 2007.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE